# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

FILED
OCT 19 2017
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| ANATOLY SHCHEMELININ; ANNA SHCHEMELININ; and BIG SKY FAIRIES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PARTY PRINCESS USA, LLC; PARTY PRINCESS INTERNATIONAL, LLC; CREATIVE COSTUMES, LLC; JOHN DOES DEFENDANTS 1-10 and XYZ CORPS 1-10, <br><br> Defendants. | No. CV-17-73-BU-SEH <br><br> **ORDER** |

Diversity jurisdiction is claimed.[1] However, the requisite diversity of citizenship necessary to establish diversity jurisdiction is not pleaded.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

---

[1] Doc. 1 at 3.

> the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

28 U.S.C. § 1332 (a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2015). It is to be strictly construed. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941). A defendant removing a case from state court to federal court has the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Defendants allege Plaintiffs are "residents of Bozeman, Montana."[2] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants have not alleged Plaintiffs' citizenship. An allegation of residency is insufficient to invoke diversity jurisdiction. *Kanter*, 265 F.3d at 857.

---

[2] Doc. 1 at 3.

Fed. R. Civ. P. 12(h)(3) and case law provide that a party, or the court on its own initiative, may raise lack of subject-matter jurisdiction issues at any stage in the litigation, even after the trial and judgment entry. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED,

This case will be dismissed on October 26, 2017, unless Defendants file an amended notice of removal properly alleging jurisdiction on or before that date. Contingent upon Defendants' compliance with this Order, Plaintiffs' Unopposed Motion For Extension of Time[3] is GRANTED.

DATED this 19th day of October, 2017.

SAM E. HADDON
United States District Court

---

[3] Doc. 9.